(No. 74-CC-0584—)

EILEEN M. FISHER, Individually as Administratrix of the Estate of KENNETH L. FISHER, Deceased, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed November 10, 1977.*

HOLDERMAN, J.

Claimant filed a claim against the State of Illinois alleging that on or about March 23, 1972, Claimant's intestate was operating a 1966 Rambler automobile in a southerly direction along and upon Tiskilwa Road at or near the Log Cabin curve in Bureau County, Illinois.

At that point, according to the complaint, the intersection was constructed in such a manner that motorists travelling in a southerly direction on Tiskilwa Road on dark nights failed to see that the Tiskilwa Road did not continue in a southerly direction but curved sharply to the west.

The complaint also alleges that prior to the time of the occurrence resulting in the death of the intestate, the Respondent caused and permitted a light pole to be erected alongside said highway in such a position that the southbound motor vehicles leaving the travelled portion of the highway and onto the shoulder thereof would collide therein.

Complaint further alleges that Claimant's intestate was in all respects in the exercise of due care and caution for the safety of his person and property.

This matter comes before the Court on a motion filed by the Respondent to dismiss said complaint. Attached to Respondent's motion for summary judgment is the deposition of Eileen M. Fisher which was taken for the purpose of discovery. Eileen M. Fisher is Administratrix of the Estate of Kenneth L. Fisher, deceased, and is the Complainant in the original complaint, and at such deposition testified under oath.

The deposition discloses that on February 10, 1975, in Cause No. 73 L 10, Eileen M. Fisher, individually and as Administratrix of the Estate of *Kenneth L.*

*Fisher, deceased, v. Merretta Hastings, d/b/a Underground Inn; Grace Lenihan, d/b/a The Oasis Tavern and Lounge; Ronald Moriarity, d/b/a The Clover Club and Mervin E. Hall and Joy Hall, d/b/a The Buffalo Inn,* a certain judgment order was entered against said defendants, and each of them, in the sum of $16,000.00, which judgment was fully satisfied on February 10, 1975, based upon a cause of action arising under the "Dram Shop Act" of Illinois.

The deposition of Eileen M. Fisher shows that Kenneth M. Fisher, deceased, was intoxicated at 11:00 p.m. on March 22, 1972, having had, since 9:30 p.m. on that day, five or six intoxicating drinks in the presence of Complainant.

In the complaint, Eileen M. Fisher stated that she and her children suffered damage in consequence of the intoxication of her husband, caused by the sale of intoxicants to him by the several defendants named therein.

Resondent bases his motion for summary judgment on the grounds that the decedent was not in the exercise of reasonable care at the time of the collision resulting in his death, and that his intoxication was the sole proximate cause of his death.

The evidence also discloses that the deceased was familiar with the road in question having travelled it for several years.

The question therefore resolves itself as to whether or not the intoxication would prevent recovery on the theory that the deceased was not in the exercise of due care at the time of the accident which resulted in his death.

This Court has taken the position that the State is

not an insurer of every accident occurring on its highways. In *Magnuson v. State of Illinois, 26 Ill. Ct. Cl. 98 (1967),* the Court denied the claim where the evidence disclosed that the Claimant was aware of the condition of the roadway and had knowledge of the defect and with such knowledge did not exercise the degree of care which was required under the circumstances.

The evidence in the case at bar shows that the decedent had travelled the road in question in the presence of Claimant at least once a week for four years prior to the accident.

Respondent contends that the senses, judgment and faculties of Claimant's intestate were affected by the alcohol so that he was unable to use the same degree of care, skill and judgment in the operation of an automobile which he otherwise would have exercised.

Respondent's motion also calls the Court's attention to the fact that the Circuit Court of Bureau County found that the decedent's death was caused by his intoxication.

This Court has repeatedly held that before recovery can be had it must be shown that the individual who sustains an injury was in the exercise of due care and that the individual involved in the accident was free from contributory negligence. See *Constance Kumiga v. State of Illinois, 26 Ill. Ct. Cl. 77;* also *Ruby Foreman v. State of Illinois, 26 Ill. Ct. Cl. 299.*

It is the opinion of this Court that decedent was not in the exercise of due care at the time of the accident and that his intoxication was the proximate cause of the accident.

The Court agrees that Claimant is now estopped to assert that the decedent was free from contributory

negligence by reason of the judgment of the Circuit Court of Bureau County.

Motion for summary judgment is hereby granted and said cause is dismissed.